# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION


**TAVARIA MERRITT**          ]
    **Petitioner,**          ]
                      ]
**v.**          ]          **No. 3:15-0870**
                      ]          **Judge Trauger**
**CHERRY LINDAMOOD, Warden**          ]
    **Respondent.**          ]


## M E M O R A N D U M


The petitioner, proceeding *pro se*, is an inmate at the South Central Correctional Center in

Clifton, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Cherry Lindamood,

Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On March 21, 2011, the petitioner pled guilty to nine counts of child rape in the Criminal

Court of Wilson County. Docket Entry No. 22-3 at pgs. 2-21. For these crimes, he received an

aggregate sentence of two hundred twenty five (225) years in prison. Docket Entry No.22-2 at pgs.

32-33.[1]

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions but, in

a split decision, found that the petitioner's sentences were excessive. For that reason, the case was

---

[1] The petitioner was offered a plea bargain of thirty five (35) years if he pled guilty to child rape and aggravated sexual battery. He turned down this offer. Docket Entry No. 22-3 at pgs. 17-18.

remanded to the trial court for entry of judgment reflecting an effective sentence of fifty (50) years in prison. Docket Entry No. 22-6.

In March, 2014, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Wilson County. Docket Entry No. 22-7 at pgs. 22-35. Counsel was appointed and the petitioner filed an amended post-conviction petition. Following an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id.* at pgs. 57-63. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 22-14.

## II. Procedural History

On August 6, 2015, the petitioner filed a *pro se* Motion (Docket Entry No. 1) in this Court requesting a stay and/or abeyance to exhaust claims. The Court granted petitioner's Motion for a stay and directed the Clerk to administratively close the case in order to give the petitioner an opportunity to fully exhaust state court remedies for his federal claims. Docket Entry No. 7.

In February, 2016, the petitioner filed a *pro se* petition (Docket Entry No. 10) under 28 U.S.C. § 2254, for writ of habeas corpus. The Court has liberally construed the petition, as it is obliged to do, and found nine claims for relief. These claims include :

1) it was error to deny petitioner's motion to suppress a statement he made to the police because the statement was obtained "as the fruit of an unlawful arrest"; at pg. 20

2) petitioner was denied the effective assistance of counsel when :
   a) appellate counsel failed to include a transcript of the suppression hearing and recorded confession as part of the appellate record; at pg. 2
   b) trial counsel failed to investigate the petitioner's mental capacity; at pg. 3
   c) trial counsel failed to meet with the petitioner a sufficient number of times; at pg. 3

d) appellate counsel was impaired because she had
to operate "under a conflict of interest"; at pg. 7[2]

3)   petitioner's guilty plea was neither knowingly nor voluntarily
given; at pg. 9

4)   the trial court abused its discretion by failing to conduct a
hearing to resolve a conflict of interest issue that impaired
the ability of the District Public Defender's Office to effectively
represent the petitioner; at pg. 4

5)   the evidence was not sufficient to support the convictions;
at pg. 36, and

6)   the cumulative effect of these errors served to deny the
petitioner his right to due process; at pgs. 38-40.

The Court construed the filing of the petition as a motion to reopen the case. By an order

(Docket Entry No. 12) entered March 9, 2016, the motion was granted, the case was reopened and

the respondent was directed to file an answer, plead or otherwise respond to the petition.

Presently before the Court is the respondent's Answer (Docket Entry No. 24), to which the

petitioner has offered no response. Having carefully considered the petition, respondent's Answer,

and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See*

Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Therefore, the Court shall dispose of the petition

as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

_____

[2] The petitioner's prosecution began in the Juvenile Court of Wilson County where he
was represented by E. Marie Farley of the District Public Defender's Office. Docket Entry No.
22-3 at pg. 11. Upon transfer of the case to the Criminal Court of Wilson County, the petitioner
retained Adam Wilding Parrish, a member of the Wilson County Bar, to represent him.
Following his convictions, though, during the pendency of the direct appeal, Parrish was allowed
to withdraw and E. Marie Farley was again appointed to represent the petitioner. Farley was later
appointed to represent the petitioner during the post-conviction proceedings as well. Docket
Entry No. 22-12 at pg. 6. This is the factual basis for petitioner's claim of a conflict of interest.

# III. Analysis of the Claims

**A.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

On direct appeal of the convictions, the petitioner chose only to question the excessiveness

---

[3]  In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

of his sentence. Docket Entry No. 22-4. Later, during post-conviction proceedings, the petitioner alleged only two instances of ineffective assistance and the invalidity of his guilty plea. Docket Entry No. 22-12. Thus, all but three of the petitioner's current claims (i.e., Claim Nos. 1, 2a, 2d, 4-6), were never offered to the state courts for consideration.

Unfortunately, at this late date, the petitioner is no longer able to raise these issues in the state courts. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). The prejudice element requires the petitioner to show not merely that the

errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. *Id.* at 477 U.S. 494. Even in the absence of cause and prejudice, though, a procedurally defaulted claim can still be reviewed if the failure to do so would result in a fundamental miscarriage of justice, Coleman v. Thompson, 501 U.S. 722, 750 (1991), i.e., the conviction of one who is actually innocent. Gibbs v. United States, 655 F.3d 473, 477 (6th Cir. 2011).

In the petition, the petitioner states that the failure of post-conviction counsel to raise a claim of ineffective assistance at trial can constitute cause in a procedural default analysis. Docket Entry No. 10 at pg. 13. This is an accurate recitation of the law. *see* Martinez v. Ryan, 132 S.Ct. 1309 (2012). Nevertheless, it has no application in this instance. The only ineffective assistance of counsel claims that have been procedurally defaulted involve appellate counsel (Claim Nos. 2a and 2d), rather than errors committed by trial counsel. Further, there is nothing to suggest the type of prejudice needed to excuse a procedural default, and the petitioner has not alleged factual innocence. As a consequence, he has failed to demonstrate that the procedural default of these claims should be excused. Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate courts for review).

**B.) Fully Exhausted Claims**

The petitioner's remaining claims challenging the effectiveness of counsel (Claim Nos. 2b-c) and the validity of his guilty plea (Claim No. 3) were considered by the state courts on the merits during post-conviction and have been fully exhausted.

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 562 U.S. 86 (2011).

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, *supra* at 562 U.S. 103.

**1.) Ineffective Assistance of Counsel**

It is alleged that trial counsel was ineffective for failing to investigate the petitioner's mental capacity (Claim No. 2b) and for failing to meet with the petitioner a sufficient number of times (Claim No. 2c).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. Missouri v. Frye, 132 S.Ct. 1399, 1404 (2012). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland

v. Washington, 466 U.S. 668 (1984). A deficiency occurs when counsel has acted in a way that falls below an objective standard of reasonableness under prevailing professional norms. *Id.* at 466 U.S. 688. Within the context of a guilty plea, prejudice is shown by demonstrating that "there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have, instead, insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Where the issue is one of ineffective assistance, review under the Anti-Terrorism and Effective Death Penalty Act is "doubly deferential", Cullen v. Pinholster, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, *supra* at 466 U.S. 690.

At petitioner's post-conviction evidentiary hearing, counsel stated that he had been made aware that the petitioner was suffering from some sort of diminished intellectual capacity. He testified that he did investigate to determine whether this in any way affected petitioner's competency to stand trial. Docket Entry No. 22-9 at pg. 44. Counsel asked petitioner's family to provide him with scholastic and mental health records which they did. *Id.* at pg. 45. Upon review of the records, counsel found no reason to doubt petitioner's competency, despite the fact that he had not been a good student in school. *Id.* at pg. 46. Counsel found the petitioner to be a "very articulate, very bright young man". *Id.* Petitioner was a Youth Director at his church who had preached to the congregation. *Id.* at pgs. 12-14. A Juvenile Court judge made a specific finding of fact that the petitioner had no mental health issues that should prevent him from being tried as an adult. *Id.* at pg. 47. Moreover, the petitioner never told counsel that he did not understand the nature and gravity of the proceedings. *Id.* at pg. 64. From this evidence, the state courts found that counsel had not been ineffective by failing to investigate the petitioner's mental capacity. Docket Entry No. 22-14 at pg.

5. The record supports this finding. As a consequence, the Court finds no merit in this claim (Claim No. 2b).

The petitioner also alleges that counsel had been ineffective for failing to meet with him a sufficient number of times (Claim No. 2c). The petitioner testified at the evidentiary hearing that counsel met with him "more than five times but less than ten". Docket Entry No. 22-9 at pg. 17. The petitioner's "spiritual father", Bishop Jerry Morton, testified that he had accompanied the petitioner and his mother to meetings with counsel on six or seven occasions. *Id.* at pg. 7. Counsel had documented at least ten meetings with the petitioner and/or his family, with numerous undocumented meetings. *Id.* at pg. 46. It appears, therefore, that counsel did meet with the petitioner a sufficient number of times to discuss the case with him. In any event, the petitioner has offered nothing in the way of prejudice arising from the alleged absence of meetings. This claim, therefore, is without merit.

## 2.) Validity of the Guilty Plea

Finally, the petitioner argues that his guilty plea is invalid because it was neither knowingly nor voluntarily given (Claim No. 3).

A plea of guilty is valid if it was entered voluntarily and intelligently, <u>Bradshaw v. Stumpf</u>, 545 U.S. 175, 183 (2005), as determined under the totality of the circumstances. <u>Boykin v. Alabama</u>, 395 U.S. 238, 242-244 (1969).

After the petitioner was unsuccessful in an attempt to suppress his confession, he decided to enter a plea of guilty. Docket Entry No. 22-9 at pg. 36. In a Request for Acceptance of Guilty Plea, the petitioner averred that he understood the charges and potential penalties facing him. Docket Entry No. 22-1 at pgs. 59-60. During a hearing to discuss the plea, the petitioner reiterated his

understanding of the charges and penalties. Docket Entry No. 22-3 at pg. 6. The trial judge informed the petitioner of the rights that he would be waiving by pleading guilty. *Id.* at pgs. 12-15. The petitioner had no questions for the judge. *Id.* at pg. 7. The petitioner acknowledged that there was sufficient proof against him to support the convictions. *Id.* at pg. 12. He went on to tell the court that his attorney had been diligent and had done everything he could possibly do for him. *Id.* at pg. 16.

At the conclusion of the hearing, the trial judge made the following findings :

> I believe you know what you're doing. I believe your
> plea is voluntary. I think you understand these proceedings.
> I think your plea is an intelligent plea and I think you are
> competent to enter the plea.

Docket Entry No. 22-3 at pgs. 19-20.

The representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74 (1977). The trial judge determined that the petitioner's guilty plea was both knowing and voluntary. The petitioner has failed to rebut the presumption of correctness accorded to the findings of fact made by the state courts with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Nor has he shown in what way the legal conclusions made by the state courts with respect to this exhausted claim are either contrary to or an unreasonable application of federal law.

## IV. CONCLUSION

Six of the petitioner's claims were never properly exhausted in the state courts (Claim Nos. 1, 2a, 2d, 4-6). The procedural default of the state remedies for these claims is unexcused. For that reason, these claims are insufficient to support an award of habeas corpus relief.

The state courts determined that the petitioner's fully exhausted claims lacked merit (Claim Nos.2b, 2c, 3). The record supports these findings. The petitioner has failed to demonstrate in what way the legal analysis of the state courts ran contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's fully exhausted claims was neither contrary to nor an unreasonable application of federal law. Consequently, these claims have no merit.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge